IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JONATHAN S. BRAVEMAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>S & E DISTRIBUTOR, INC. d/b/a THE ODYSSEY GROUP,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-10959-PDB-DRG |

## **AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

The Plaintiff, JONATHAN S. BRAVEMAN, by and through his undersigned counsel, hereby files this, its Amended Complaint against the Defendant, S & E DISTRIBUTOR, INC. d/b/a THE ODYSSEY GROUP, and alleges, as follows:

### **Jurisdictional Allegations**

1. This is a civil action against the Defendant for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et. seq*.

2. This Court has subject matter jurisdiction over the claims in this action that relate patent infringement pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

3. The Court has personal jurisdiction over Defendant because the

Defendant conducts business within the state of Michigan and has committed acts of infringement in this District, directly and/or through a third party, by offering for sale, selling and shipping the accused Infringing Products from this judicial district. Moreover, the Defendant is a resident of this district.

## Venue

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendant resides in this district and the cause of action occurred in this district.

## Parties

5. JONATHAN S. BRAVEMAN is domiciled in and a resident of Scottsdale, Arizona. BRAVEMAN is the registered owner of the D657,091 patent.

6. S & E DISTRIBUTOR, INC., d/b/a THE ODYSSEY GROUP (hereinafter referred to as "S & E") is a corporation that was formed in Michigan and has its principal place of business at 288 Robbins Dr., Troy, Michigan 48043. S & E is a citizen of Michigan.

## The Asserted Patent

7. On April 3, 2012, U.S. Patent No. D657,091 S ("the 'D091 patent"), entitled "Smoking Article," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") and names JONATHAN S. BRAVEMAN as inventor. A copy of the 'D091 patent is attached hereto as Exhibit "A."

8. The 'D091 patent discloses and claims the non-functional ornamental

2

design for a Smoking Article, which is described and shown from multiple perspectives in Figures 1-4, reproduced below.



Fig. 1　　　　Fig. 2　　　　Fig. 3　　　　Fig. 4

9. Since 2010, BRAVEMAN has marketed and sold products bearing the design claimed by the 'D091 patent through various retailers as well as BRAVEMAN's company, FSBS LLC, and website https://thediggeronehitter.com.

10. An example of the ornamental design disclosed and claimed by the 'D091 patent is embodied by the Plaintiff's THE DIGGER ONE HITTER which embodies the same non-functional ornamental features. An example of the Plaintiff's Smoking Article is depicted below.



3

11.     The Plaintiff manufactures, distributes, and sells his THE DIGGER ONE HITTER to customers throughout the United States.

### Defendant's Infringing Designs

12.     The Defendant, S & E, manufacturers, imports, sells, and/or offers for sale smoking articles since at least October 25, 2011.  Moreover, between May 11, 2018, and December 31, 2023, the Defendant S & E has operated under the assumed name "The Odyssey Group."

13.     On information and belief, Defendant S & E does not design products itself; does not employ engineers and designers of its own; and does not itself have any patents (utility or design) on smoking articles.  Instead, Defendant S & E's business model is to copy the intellectual property and designs of others.

14.     The Defendant, S & E has manufactured, imported, sold, and/or offered for sale smoking articles such as TSUNAMI DUGOUT (the "Infringing Products.")

15.     In the ongoing investigation into the sales of products infringing upon the Plaintiff's 'D091 patent, S & E offered for sale products in the classification of smoking articles that infringed upon the 'D091 patent.

16.     Specifically, on July 11, 2023, BRAVEMAN's investigator visited S & E's location, which was open to the public, and observed that it had an excess of smoking articles which misappropriated the Plaintiff's patented smoking article design.

4

17. The investigator purchased thirty-one (31) of the Infringing Products, from S & E, for a cost of $303.00, charged to the account of BRAVEMAN's investigator, and it was a Infringing Product in that an ordinary observer familiar with the prior art would be deceived into thinking that the design of the Infringing Products was the same as the 'D091 patent.

18. On December 20, 2022, the Plaintiff notified Defendant S & E Distributors of its violation of the claim in the 'D091 patent via a cease-and-desist letter and provided the Defendant with a copy of the claims that issued. A copy of the December 20, 2022, cease-and-desist letter is attached hereto as Exhibit B.

19. Since receipt of the aforementioned letter, Defendant S & E has refused to change the design of its products and has refused to discontinue its sales of the Infringing Products. S & E has sold, and continues display, sell and/or offer for sale products that infringe upon the 'D091 patent on its website https://togwholesale.com/product-category/accessories/dugouts/.

20. S & E has sold and continues to sell the Infringing Products through distributors and retailers.

21. Images of samples of the design of the Infringing Products are identified in the charts below. On information and belief, these samples are designed as smoking articles for use with various phytomaterials such as tobacco and CBD.

22. As the exemplary side-by-side comparisons shown below reveal,

5

Defendant S & E has misappropriated the Plaintiff's patented Smoking Article designs in the Infringing Products. The comparisons below are representative of all the Infringing Products.

23. The Plaintiff conducted a pre-suit investigation to compare the alleged infringing product with the claim of the 'D091 patent.

24. The chart below shows a comparison of the figures of the 'D091 patent with a sample of Defendant S & E's Infringing Product.

| View | 'D091 Patent | Infringing Product |
|---|---|---|
| Fig. 1 | | |
| Fig. 2 | | |
| Fig. 3 | | |
| Fig. 4 | | |

6

25. The Defendant's actions have been without license or authority of BRAVEMAN.

26. Moreover, BRAVEMAN's THE DIGGER ONE HITTER Smoking Articles are marked with the patent number of the 'D091 patent on the product's packaging. A true and correct image of the Plaintiff's product packaging and patent marking is shown below.



27. The Defendant S & E, with full knowledge of the asserted claim and the Infringing Products, has acted with intentional disregard for the 'D091 patent.

**Count One**
**(S & E's Direct Infringement of the 'D091 Patent)**

28. The Plaintiff avers Paragraphs 1 through 27, which are stated above and incorporate the allegations therein, as though they are fully restated in this Count by reference.

29. The 'D091 patent claims a non-functional ornamental design,

7

specifically, an "ornamental design for a Smoking Article."

30. The Infringing Products are Smoking Articles with ornamental designs that infringe the 'D091 patent. As shown in the charts in paragraph 24 above, the Infringing Products have appropriated the ornamental design for a Smoking Article as shown and described in the 'D091 patent.

31. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a Smoking Article claimed in the 'D091 patent and the Infringing Products are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused Infringing Product supposing it to be the design claimed in the 'D091 patent.

32. The Defendant S & E, without authority has directly infringed and continues to directly infringe the 'D091 patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States, the Infringing Products.

33. The Defendant's acts of infringement of the 'D091 patent were undertaken without permission or license from BRAVEMAN. The Defendant had actual and/or constructive knowledge of the 'D091 patent, and its actions constitute willful and intentional infringement of the 'D091 patent.

34. As a result of the Defendant's infringement of the 'D091 patent,

Braveman has suffered and will continue to suffer damages. BRAVEMAN is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

35. The Defendant, S & E's infringement of the 'D091 patent is willful, making this an exceptional case and entitling BRAVEMAN to enhanced damages and attorneys' fees.

36. On information and belief, the Defendant S & E copied the design of BRAVEMAN's Smoking Article, which embody the design claimed in the 'D091 patent, to arrive at the design of the accused Infringing Product.

37. The Defendant S & E became aware of the issued claim of the 'D091 patent no later than BRAVEMAN's letter to S & E dated December 20, 2022. On information and belief, S & E has knowingly and willfully infringed the 'D091 patent by manufacturing, importing, using, selling, and offering to sell the Infringing Product, including the accused Infringing Product identified in this complaint.

38. Despite the Defendant's knowledge of its imminent and actual infringement of the 'D091 patent, S & E has continued to manufacture, import, use, sell, and offer to sell the Infringing Products.

39. As a result of the Defendant's unauthorized use of BRAVEMAN's patented 'D091 design, the Plaintiff has lost substantial profits.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

40.     BRAVEMAN has been irreparably harmed by S & E's infringement of the 'D091 patent and will continue to be harmed unless S & E's infringing conduct is restrained and enjoined by order of this Court.

## Prayer For Relief

WHEREFORE, the Plaintiff, JONATHAN S. BRAVEMAN, respectfully requests the following relief against the Defendant, S & E DISTRIBUTOR, INC. d/b/a THE ODYSSEY GROUP, as follows:

1.     Adjudge that the Defendant has directly infringed, literally or under the doctrine of equivalents, claim 1 of the 'D091 patent, and that the manufacture, use, sale, offer for sale, and/or importation of at least the accused Infringing Products infringe claim 1 of the 'D091 patent;

2.     Preliminarily and permanently enjoining S & E and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them, from infringing the 'D091 patent;

3.     For an order from the Court requiring that the Defendant provide complete accountings and for equitable relief, including that the Defendant disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if the Defendant had complied with their legal obligations, or as equity requires;

10

4. Award BRAVEMAN damages adequate to compensate for S & E's infringement of the 'D091 patent, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

5. Award BRAVEMAN the total profit made by S & E from its infringement of the 'D091 patent under 35 U.S.C. § 289;

6. Award BRAVEMAN increased damages under 35 U.S.C. § 284 for S & E's willful and deliberate infringement of the 'D091 patent;

7. Declare this to be an exceptional case under 35 U.S.C. § 285;

8. Award BRAVEMAN his attorney fees and costs incurred in prosecuting this action, together with pre-judgment and post-judgment interest; and

9. For any other and further relief as the Court may deem just and equitable.

## Demand for Jury Trial

The Plaintiff demands a Jury Trial on all issues so triable.

Date: April 11, 2024

Respectfully submitted,

*/s/ David L. Perry II*
David L. Perry II
FL Bar #1045902

11

        The Ticktin Law Group  
        270 SW Natura Avenue  
        Deerfield Beach, Florida 33441  
        Serv514@LegalBrains.com  
        DPerry@LegalBrains.com  
        Telephone: 561-232-2222  
        Michael T. Fluhler  
        MI Bar # P79692  
        Rocklaw PLLC  
        7 W. Square Lake Rd  
        Bloomfield Hills, MI 48302  
        mtf@rock.law  
        Telephone: 561-232-2222  
        *Attorneys for the Plaintiff*